Submitted on record and briefs May 13, affirmed June 11, 1974

ROBERT M. DeBOLT (No. 80792), *Appellant, v.*
CUPP, *Respondent.*

522 P2d 1395

Robert J. Thorbeck, Salem, for appellant.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C. J

Petitioner was sentenced in 1961 to an indeterminate term not exceeding his natural life in the Oregon State Penitentiary pursuant to former ORS

137.111 (repealed by Oregon Laws 1971, ch 743, § 432, p 2002). He does not contest the validity of his sentencing in this habeas corpus proceeding, but argues that certain requirements have been placed upon the state by ORS 421.155[1] which have not been met. This statute provides:

> "Any person sentenced under ORS 161.725 and 161.735 [providing for indeterminate terms for certain dangerous offenders], shall be given such physical, mental and psychiatric observation and treatment as is available and may tend to rehabilitate such person and make possible the earliest possible release from the penal or correctional institution in which such person is confined, with the least possible danger to the health and safety of others."

It is admitted by both parties that psychiatric treatment was not available from 1961 to 1971, but that treatment became available in 1971 and that petitioner does not participate in the program offered.

The trial court concluded that petitioner was entitled only to those programs which are available and that since such programs were currently available, the petitioner was entitled to no relief. Petitioner appeals from that decision.

The gist of petitioner's argument is that the failure to provide psychiatric treatment for a ten-year period has delayed his rehabilitation and has thus resulted in his confinement beyond the time he would have been released had such treatment been available. Whether the furnishing of treatment would have en-

---

[1] ORS 421.155 was amended in 1971 to delete the reference to former ORS 137.111, but these amendments do not affect the outcome of this case. Both parties agree that ORS 421.155 governs the disposition of the petitioner.

abled petitioner to be released prior to the date of his petition for a writ of habeas corpus is purely speculative. Psychiatric treatment is now available and has not been denied to the petitioner. He has not chosen to participate, but such failure is not grounds for release from confinement.

Affirmed.